No. 25,881.

C. M. WILLIAMS, Liquidating Agent of the COMMERCIAL NATIONAL BANK, *Appellee*, v. TOBIAS SCHROCK et al., *Appellants*.

SYLLABUS BY THE COURT.

1. MORTGAGES — *Absolute Deed as Mortgage — Erroneous Judgment*. A default judgment that a deed given as security for payment of a debt had become a deed absolute, and canceling a contract providing for reconveyance by the grantee to the grantors on payment of the debt, considered, and held to be erroneous, the error being manifest on the face of the judgment.

2. JUDGMENT—*Default—Procedure for Correction*. Direct appeal, without motion for new trial and without motion to set aside the default, is proper procedure for correction of such an error.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed April 11, 1925. Reversed.

*W. D. Vance*, and *R. E. McTaggart*, both of Belleville, for the appellants.
*C. M. Williams*, and *D. C. Martindell*, both of Hutchinson, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to obtain judgment that a deed given as security for an indebtedness had become a deed absolute, and for cancellation of a contract providing for reconveyance by the grantee to the grantors upon payment of the debt, and performance of certain other conditions. Defendants defaulted, and judgment was rendered against them according to the prayer of the petition. They appeal for correction of error manifest on the face of the judgment.

The contract reads as follows:

"This contract and agreement, made and entered into this 15th day of January, 1923, between Tobias Schrock and Anna Schrock, his wife, of Reno county, Kansas, parties of the first part, and The Commercial National Bank of Hutchinson, Kansas, party of the second part,

"Witnesseth: Whereas, the parties of the first part are indebted to The Kansas City Joint Stock Land Bank in the sum of $25,000, secured by mortgage upon the real estate hereinafter described;

"And whereas, the said parties of the first part are indebted to the party of the second part, The Commercial National Bank, in the sum of $6,800, which has been a second mortgage upon said land, and the further sum of $965.87, being for moneys advanced by said bank in squaring up indebtedness and clearing the title upon said land so that the loan to The Kansas City Joint Stock Land Bank should be a clear first mortgage upon said real estate;

"And whereas, the said parties of the first part have executed a deed to said real estate to party of the second part to secure the indebtedness owing to the party of the second part for the said sum of $7,565.87, said real estate being as follows: West half of section five (5), township twenty-five (25), range five (5), and the south half of the northeast quarter of section thirty-one (31), township twenty-five (25), range five (5), all in Reno county, Kansas:

"Now, if the said parties of the first part shall keep the interest paid upon the loan to The Kansas City Joint Stock Land Bank promptly when the same is due, and shall keep the interest upon the indebtedness to the party of the second part promptly paid when the same is due, and also pay the taxes and assessments upon said real estate, and on or before three years from this date pay to the party of the second part its indebtedness, then party of the second part shall reconvey said real estate to the party of the first part; but if the party of the first part shall fail to keep up the interest upon the mortgage to The Kansas City Joint Stock Land Bank, or shall fail to pay said interest or any installment thereof when the same is due, or shall fail to pay the interest to the party of the second part upon its indebtedness when the same is due, or shall fail to pay the taxes and assessments upon the real estate when the same is due, or shall fail to pay the indebtedness of the party of the second part, within three years from this date, then said deed of the

parties of the first part to parties of the second part shall become absolute; that is to say, the same shall be an absolute conveyance of the title to said real estate, and the party of the second part shall be entitled to the immediate possession of said real estate."

The petition was filed by plaintiff as duly appointed liquidating agent of the bank. The petition pleaded the contract, alleged non-performance of the conditions necessary to be performed to prevent the deed from becoming absolute, and prayed judgment as indicated. The judgment was based on the following findings stated in the journal entry:

"Said cause is taken up and submitted to the court, and the court having heard the evidence and being fully advised in the premises, finds that the defendants, Tobias Schrock and Annie Schrock, his wife, have been duly summoned in this action by personal service of summons; that the time in which they are required to plead in said action having expired and no pleadings of any kind being filed on behalf of either of said defendants, that said defendants and each of them are in default herein.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"The court further finds that the defendants have failed and neglected to comply with and perform the conditions of the contract set out and attached to plaintiff's petition, by the terms of which The Commercial National Bank contracted with defendants to convey to the said defendant the west half of section five (5), township twenty-five (25) range five (5), and the south half of the northeast quarter of section thirty-one (31), township twenty-five (25), range five (5), all in Reno county, Kansas, upon condition that the defendants pay to The Commercial National Bank $6,800 with interest, and the further sum of $965.87, together with all taxes and interest upon the first mortgages upon said land. The court further finds that the defendants failed and neglected to pay the interest upon a first mortgage of $25,000 upon the west half of section five (5), township twenty-five (25), range five (5), and have neglected and failed to pay the interest upon a first mortgage of $5,000 upon the south half of the northeast quarter of section thirty-one (31), township twenty-five (25) range five (5); the court further finds that the defendants have failed and neglected to pay any of the moneys that said contract required said defendants to pay, and that by the terms of said contract plaintiff is entitled to have the same canceled and annulled.

"The court further finds that The Commercial National Bank is the owner of all of said real estate described, to wit: The west half of section five (5), township twenty-five (25), range five (5), and the south half of the northeast quarter of section thirty-one (31), township twenty-five (25), range five (5), all in Reno county, Kansas.

"And that by the terms of said contract the conveyance by warranty deed to the said The Commercial National Bank by the defendants, Tobias Schrock and Annie Schrock, of date the 15th day of December, 1922, for the above-described land, is an absolute conveyance of said real estate, conveying all

the right, title and interest of the said Tobias Schrock and Annie Schrock in and to said real estate to said bank."

The contract recited that the deed was given to secure indebtedness owing to the bank in the sum of the previous mortgage indebtedness and the bank's advancements. The maxim of equity, "once a mortgage, always a mortgage," applies, and considerations of public policy forbid enforcement of the contract whereby exercise of right of redemption would be precluded and the mortgagor's interest in the land would be forfeited. (*Live Stock Co. v. Trading Co.*, 87 Kan. 221, 123 Pac. 733.)

The journal entry recites that evidence was introduced, and plaintiff suggests pertinent evidence which the district court may have received. No matter what evidence may have been introduced, the court's findings disclose the basis of the judgment, which was the contract, and admitted failure of the mortgagors to do the things necessary to preserve and protect their interest in the land. No motion for a new trial was necessary, because no complaint is made of trial errors, and a new trial is not desired. No motion to set aside the default was necessary, because no complaint is made that judgment was taken by default. The complaint is that the court entered an erroneous judgment upon the confession made by the default. Direct appeal is proper procedure for correction of such an error, just as it would have been if defendants had been present, or represented in court, when the judgment was pronounced. It appears that defendants have sold part of the land. The controversy is not moot as to them, however, because the judgment affects their interest in the remainder of the land.

The judgment of the district court is reversed, and the cause is remanded with direction to dismiss the action.