No. 26,811.

BURT COMER, *Appellee*, v. MARY KATHERINE McGUIRE, *Appellant*.

SYLLABUS BY THE COURT.

1. ATTORNEY AND CLIENT — *Contract Relating to Employment — Restraining Client's Control Over Litigation—Public Policy.* A contract relating to employment of an attorney to institute and prosecute a divorce action provided that the client should not settle, compromise, or otherwise dispose of the suit without consent of her attorney, and if she did so, she should pay the attorney a sum equal to one-fourth of the money or property obtained. *Held*, the contract was void as against public policy, in that the client's control over the litigation was restrained.

2. APPEAL AND ERROR—*Direct Appeal—Default Judgment Erroneous on Face of Record.* In an action by the attorney against the client for attorney fees claimed to be due according to the contract, which was pleaded in the petition, judgment was rendered for the attorney. The client, although personally served, did not plead or appear. *Held*, the judgment was erroneous, the error is manifest on the face of the record, and direct appeal without motion for new trial is proper procedure for correction of the error.

Appeal from Pratt district court; GEORGE L. HAY, judge. Opinion filed November 6, 1926. Reversed.

Appeal and Error, 3 C. J. p. 966 n. 34. Attorney and Client, 6 C. J. p. 743 n. 32.

Comer v. McGuire.

*E. L. Foulke, James B. Nash* and *Roy H. Wasson,* all of Wichita, for the appellant.

*Arnold C. Todd,* of Wichita, for the appellee; *Burt Comer,* of Pratt, *pro se.*

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one to recover an attorney fee. Defendant filed no pleading, did not appear, and judgment was rendered for plaintiff. Subsequently, defendant filed a motion to vacate the judgment. The motion was denied, on the ground the court was without jurisdiction to allow it, and defendant appealed. Defendant also appealed from the unvacated judgment, and assigns error manifest on the face of the record.

The judgment was based on the following instrument in writing pleaded in the petition:

"I hereby employ Burt Comer, attorney of Pratt, Kansas, to institute and prosecute my suit for divorce against my husband, Oscar McGuire, and I agree to pay said Burt Comer for his services as follows, to-wit:

"1. In case no recovery is had in this case, a fee of $50.

"2. In case a recovery is had in this case, a sum equal to 25 per cent of the value of the property, money, or both recovered for me. Also I agree to pay Burt Comer whatever temporary attorney's fees he is allowed by the court.

"I further agree not to settle, compromise, or otherwise dispose of said suit without the consent of said attorney, and in case I dismiss, compromise, or settle without such consent this suit brought by him for me, I agree to pay said attorney for his services therein a sum equal to one-fourth of the amount of the property, money, or both, recovered by me.

"It is further agreed that said attorney shall not compromise or settle said suit without my consent."

The petition alleged that, pursuant to this employment, plaintiff successfully prosecuted a divorce action on behalf of defendant, and procured for her an award of real and personal property of the value of $3,000. The prayer of the petition was for judgment for $750, and the judgment appealed from was for that sum.

The contract was void as against public policy (*Railway Co. v. Service,* 77 Kan. 316, 94 Pac. 262). Plaintiff contends the provision for payment of a fee in the event defendant did settle, compromise, or dismiss her divorce action, left her free to take such a course, and purged the contract. Defendant contracted, however, not to settle, compromise, or otherwise dispose of the divorce action without her attorney's consent. She could conclude no arrangement with her husband, however desirable, independently of her attorney, without breach of contract, and the provision referred to was in effect a

stipulation relating to compensation in case of breach of contract. Reconciliation of the parties to the divorce action and amicable adjustment of their affairs not extending to full reconciliation, were thus definitely restrained. The contract in the case of *Railway Co. v. Service*, supra, related to an action for damages for personal injury. The contract was held to be obnoxious to public policy, whether viewed in the light of reason or authority. If there may be degrees of odiousness, a contract interposing a barrier to full control by the plaintiff over a divorce action is more deserving of censure, because of the nature of the litigation. The result is, the judgment was erroneous.

In the case of *Williams v. Schrock*, 118 Kan. 347, 235 Pac. 111, it was held that direct appeal without motion for new trial and without motion to set aside default, was a proper method to correct an error manifest on the face of a default judgment. The principle applies to a judgment based on a petition predicating relief on a contract void as against public policy.

The civil code enumerates grounds of demurrer for defects appearing on the face of a petition (R. S. 60-705), and then provides as follows:

"When any of the defects enumerated in section 93 do not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action." (R. S. 60-707.)

Therefore, the fact that the petition in this case did not state a cause of action was not waived by failure to call attention of the district court to the defect by demurrer or by answer. The defect in the petition is not one curable by amendment, no evidence which might be produced at a trial could sustain a judgment for plaintiff, and presence or absence of defendant when judgment was rendered could add nothing to the propriety of the judgment. The petition challenged judicial action, and the judgment is not void. It is merely erroneous. The error committed, however, was not a trial error, to be called to the attention of the district court by motion for new trial. The error is manifest on the face of the record, and the defendant has a remedy by direct appeal.

Since the appeal from the judgment itself is well founded, it is not

necessary to consider the propriety of the court's action in denying the motion to set aside the judgment.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for defendant.