No. 28,663.

WALTER N. ALTMAN, *Appellee*, v. JOSEPH MILLER et al., *Appellants*.

(276 Pac. 289.)

April 6, 1929.                                                    Opinion filed

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt* and *V. V. Scholes,* all of Topeka, for the appellants.

*R. G. Hepworth,* of Burlingame, *W. C. Harris* and *Owen S. Samuel,* both of Emporia, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This controversy arises out of an exchange of lands between the plaintiff, Walter N. Altman, and the defendant, Joseph Miller. Miller owned a tract of 120 acres, and it was alleged by plaintiff that he proposed an exchange of it for land owned by the plaintiff which included a tract of 135 acres. It is alleged in the petition that defendant represented his 120-acre tract was clear of incumbrances except a mortgage for $3,250 bearing interest at five per cent, and which would not mature for nine and one-half years; that a valuation of $10,000 was placed on the 120-acre tract, and the 135-acre tract owned by plaintiff was valued at $13,500. Plaintiff further alleged that in the agreement, of which there was a written memorandum, the defendant was to pay plaintiff in cash the difference on the basis of the valuations mentioned, except that a note for $1,000, payable within a year, would be accepted by plaintiff in lieu of cash; that accordingly deeds were executed by

each party and delivered to the other; that sometime afterwards plaintiff learned that the tract of 120 acres conveyed to him had a mortgage thereon of $6,500 instead of $3,250, as represented by defendant; that the mortgage bore a higher rate than five per cent, and that the mortgage was then due and subject to foreclosure; that defendant refused to make good by complying with the agreement with respect to the incumbrance; that on October 8, 1927, a foreclosure suit was instituted on the 120 acres, and on November 25, 1927, judgment was rendered for $7,016 and for the foreclosure of the mortgages; that subsequently, and on January 9, 1928, the tract was sold to satisfy judgment. It was further alleged that defendant, intending to cheat and defraud the plaintiff, failed to make cash payments as promised or to execute the note for $1,000, and on the other hand that he placed a mortgage of $5,000 as a substitute for the one of $4,100 upon the 135 acres which plaintiff conveyed to him. Plaintiff also set forth special damages which he sustained by reason of the fraud of the defendant, and that relying on the good faith of the defendant to carry out the agreement he caused a public sale of personal property owned by him; that he entered into contracts relative to the exchange of a tractor for an automobile, and also that he had abandoned the use of eighteen acres of land to his damage in the amount of $1,125. As to the tractor transaction he alleged that he was prevented from trading it for an automobile by the lack of cash to pay the difference due to the default of the defendant in carrying out the contract, and that thereby he sustained a loss of profit to the extent of $175. He also alleged that he was damaged to the extent of $250 because he was compelled to let eighteen acres of land lie idle on account of defendant's failure to carry out his contract. Another claim for damages set forth was that he had contracted obligations with parties named relative to the payment of money upon obligations which had been contracted and was unable to meet by reason of the default of defendant, and that his credit was therefore impaired to his damage in the sum of $500. A further loss was predicated on the claim that he was obliged to remain as an occupant of 135 acres conveyed to defendant, lest it should be sold to an innocent purchaser, and that it caused him to undergo pain and suffering from exposure to his damage in the sum of $2,000. He set up damages, too, because the defendant had increased the mortgage on the 135 acres from $4,100, when it was conveyed, to $5,000, and he asked $10,000 damages on

that account. In his prayer he asked that the contract between the parties be specifically enforced if it could be done, and if not, that he be restored to his *statu quo* prior to the making of the contract, and that he be allowed damages on the items alleged. He further asked that he be adjudged to be the owner of the 135 acres subject only to such incumbrances as are lawful, that he be adjudged to be the owner of certain moneys now in the hands of banks, placed there in pursuance of the contract and for crops. The actual damages prayed for were $5,125, and punitive damages in the sum of $5,000. No answer or other pleading was filed by the defendant and there was no appearance for him at the trial. Judgment was rendered by default upon the evidence presented by the plaintiff, and the court found that the allegations in plaintiff's petition were true, and made an order canceling the deed conveying the 135 acres to defendant, and adjudged that the plaintiff was the owner thereof, free from any claims of the defendant, and awarded the plaintiff $3,967 as actual damages, and $50 as punitive damages. He was also awarded the moneys in the possession of the bank, amounting to $905.18.

The defendant appeals and insists that there was no basis for the award of damages set forth in the petition or in the evidence offered in support of the claims. No motion for a new trial was filed by the defendant, and hence there can be no review of the evidence. The only question left for consideration on the appeal is that the petition itself does not state facts sufficient to form a basis for the judgment rendered. The action, as we have seen, was upon a breach of contract for the exchange of lands and for the recovery of the damages incident to the breach. It may be accepted as a determined fact that the defendant wrongfully broke his contract without just cause or legal excuse. The question remaining is whether the items of damages pleaded and upon which judgment for the alleged losses was rendered are proper elements of damage. There can be no contention but that a judgment rendered by default may be corrected for error if the petition fails to set forth facts essential to the support of the judgment. It may be reversed although no motion was made to set aside the default or for a new trial. This question was involved in *Williams v. Schrock*, 118 Kan. 347, 285 Pac. 111, where it appeared that the judgment rendered was erroneous upon the face of the record and it was decided that—

"Direct appeal without motion for a new trial and without motion to set aside the default is proper procedure for correction of such an error."

In a later case where judgment was rendered by default based upon a ground which did not constitute a cause of action as disclosed on the face of the record it was held to be erroneous, and therefore a reversal was ordered although no motion for a new trial had been filed. (*Comer v. McGuire*, 121 Kan. 820, 250 Pac. 345.)

It is manifest that most of the claims for damages alleged in plaintiff's petition cannot be regarded as recoverable damages in this action or form a basis for the judgment that was rendered. The supposed profit lost by plaintiff's inability to trade a tractor for an automobile is too remote and contingent to be treated as a result of a breach of a contract, and it is a matter of speculation whether the trade would have resulted in profit or loss to the plaintiff. The same may be said as to the alleged loss set up by plaintiff because he made a public sale of his personal property after the exchange of properties had been made between the parties. Aside from its remote and contingent character it cannot be regarded as the proximate result of the breach of the contract, nor to have been within the contemplation of the parties when the contract was made. The claim that he had contracted obligations to outside parties relative to the payment of money which he was unable to meet falls in the same category and obviously cannot be considered as elements of damage in the case. Nor can the alleged loss arising from the payment of a commission be considered since the plaintiff alleges in his petition that no commission was to have been paid by either party to the transaction. The claim that he suffered the loss of the use of eighteen acres of the farm because he was compelled to let it lie idle during the season cannot afford a basis for a judgment. It appears that he remained in possession of the land and was at liberty to use it. In fact, the contract pleaded contained a stipulation that he was to hold possession of the land until the contract was completed.

The item of $2,000 for pain and suffering endured by staying on the farm in order to prevent a sale thereof to an innocent purchaser, as pleaded, is not a basis for an allowance. He had a right, as we have seen, to occupy and use the farm until there was compliance with the terms of the contract, and it appears that he did remain on the land. He does not plead a deprivation of its use, but on the contrary alleges possession and the right to use it. Nothing in the record shows that the pain and suffering were the proximate result of the breach of the contract, the pain and suffering were not accom-

panied by physical injury, and are too remote to be regarded as an element of recoverable damages.

. The loss arising from the fact that a mortgage was placed on the 135 acres, of $5,000 instead of the existing $4,100, is more proximate in character, and if sustained by proof may be considered as an element of damages. It is apparent, however, from the petition that the claims for damages mainly are of a kind that are not recoverable and cannot legally form a basis for the amount of damages awarded. An examination of the evidence, if we could consider it, does not add anything to the averments of the petition that would make the questioned claims for damages elements of recovery. The judgment must, therefore, be held to be erroneous. It appears that the plaintiff is awarded not only the 135 acres which he conveyed to defendant, but is permitted to retain the 120 acres conveyed to him by the defendant. He is also awarded a considerable sum of money which was placed in escrow in the transaction and awarded damages in the amount of $4,017. While plaintiff says he is willing to reconvey the 120 acres deeded to him, no provision for a reconveyance is decreed by the court in the judgment, and it leaves the plaintiff with both tracts of land, the money placed in escrow under the contract, and the damages, a large part of which cannot be the basis of a recovery in the action.

The judgment is reversed and the cause remanded for a new trial.