No. 43,669

PAUL J. WILLIAMS, as next of kin of Kathy Williams, deceased, *Appellee*, v. THE KANSAS STATE HIGHWAY COMMISSION, *Appellant*.

(397 P. 2d 341)

Opinion filed December 12, 1964.

*Barton E. Griffith*, Assistant Attorney, argued the cause, and *Charles N. Henson*, Assistant Attorney General, and *Samuel Mellinger*, of Emporia, were with him on the brief for the appellant.

*David W. Kester*, of Eureka, and *Payne H. Ratner, Jr.*, of Wichita, argued the cause and were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the trial court refusing to set aside a default judgment entered against the State Highway Commission for $25,000. (Appeal is also taken from the default judgment.)

Two basic questions are presented. The first is procedural and challenges the validity of the appeal. The second is substantive— whether the trial court abused the exercise of its power of discretion in refusing to set aside the default judgment which had been entered within the term.

The facts necessary to determine this appeal are not in substantial dispute.

On the 26th day of November, 1962, two actions were filed at the same time in the district court of Greenwood County, Kansas, by the law firm of Ratner, Mattox and Ratner of Wichita, Kansas, and

David W. Kester of Eureka, Kansas. The first case was given number 20,574 and entitled *Paul J. Williams v. The Kansas State Highway Commission,* and sought to recover $75,000 damages under G. S. 1961 Supp., 68-419 for personal injuries and property damage alleged to have been sustained on the 23rd day of August, 1961, by reason of a defect in a state highway. The second case was given number 20,575 and entitled *Paul J. Williams, as next of kin of Kathy Williams, deceased, v. The Kansas State Highway Commission,* and sought to recover $25,000 damages under G. S. 1961 Supp., 68-419 for the death of Williams' wife alleged to have been sustained on the same date and in the same accident described in Case No. 20,574 by reason of a defect in a state highway.

Prior to the filing of the above two lawsuits Williams on the 20th day of November, 1961, served a notice by registered mail upon the State Highway Commission claiming damages pursuant to 68-419, *supra,* by reason of a defect in a state highway. This notice set forth that Paul J. Williams sustained personal injury, his wife, Kathy Williams, was killed, as was their unborn child, in an automobile accident occurring on the 23rd day of August, 1961. This document was received by James L. Sweet of the legal department of the State Highway Commission, but was not acknowledged nor assigned to an investigator for investigation. Sweet placed the notice into the legal department file entitled "Notice of Injuries."

On the 26th day of November, 1962, a summons was issued in each of the above two cases and a copy of each served upon the Director of the State Highway Commission on the 27th day of November, 1962. These summonses reached the Commission's chief attorney, Charles N. Henson.

The portion of the summons containing the complete caption in each of the two cases discloses the following information:

"Case No. 20,574
App. Dkt. . . . . . . page . . . . . .
SUMMONS
Paul J. Williams
vs.
The Kansas State Highway Commission."
"Case No. 20,575
App. Dkt. . . . . . . . page . . . . . .
SUMMONS
Paul J. Williams, as next of kin of Kathy Williams, Deceased
vs.
The Kansas State Highway Commission."

The endorsement on the summons in Case No. 20,574 discloses the action is brought for "damages in the amount of $75,000.00 together with the costs," and the endorsement on the summons in Case No. 20,575 discloses the action is brought for "damages in the amount of $25,000.00 against defendant together with the costs."

Upon receipt of the above summonses Charles N. Henson assigned the suits to James L. Sweet, employed as an assistant attorney in the legal department of the State Highway Commission. He had been so employed immediately after his admission to the Kansas Bar in 1961, and prior to the incident in question had handled only one other summons in a civil action. His work had been mostly in connection with condemnation appeals.

Mr. Sweet testified that he looked at the two summonses clipped together and observed that one referred to an action by Paul J. Williams for $75,000, and the other referred to an action by Paul J. Williams. In all respects, except as heretofore noted, the two summonses were identical.

Sweet testified that he thought the two summonses referred only to one suit, while, as a matter of fact, an examination of the two documents indicates the existence of two suits.

Instead of referring the suits forthwith to local counsel, or in the alternative personally examining the court files, Mr. Sweet attempted to handle the matter by long distance telephone.

When Mr. Sweet called the clerk of the district court in Greenwood County, Kansas, this was the substance of the conversation:

"I said, 'Mrs. Long, Hello, I am James Sweet with the State Highway Commission.' I said, 'I hear we have been sued down here again.' She said, 'Yes, that we had been sued,' and when she got a copy of the petition she had a notion to go ahead and send it on to me since she figured I would be calling for it. I asked if she would do so and she said she would and I thanked her. . . ."

His testimony on cross examination was:

"I phoned the clerk, Alma Long, about the Paul J. Williams case and asked her to send me a copy of the petition. I said, 'I hear we have been sued down in Greenwood County.' She said, 'Yes' and discussed the fact that she had noticed the petition when she received the pleading and had a notion to go ahead and forward it to me. I asked to do that now and she said she would. I did not refer to any case by number or caption. I think we both assumed we knew what we were talking about. I called the clerk on November 27, 1962 or shortly thereafter."

When Mr. Sweet received a copy of a petition by mail from the clerk, it was a copy of the petition filed in Case No. 20,574.

Alma Long, clerk of the district court, testified for the plaintiff and gave this explanation as to why the copy of the petition in Case No. 20,574 was the only copy mailed to Mr. Sweet:

"Well, I don't know. I suppose Martha or I one went to our file where we keep our copies and just mailed it. That was it. Evidently there was just one in there."

As to Case No. 20,574 no action was taken by the Commission's counsel until December 21, 1962, when Mr. Henson mailed a motion to the clerk for additional time to plead, and wrote a letter to Judge Reynolds disclosing that the Commission decided to retain local counsel to assist in the defense of the action, and that the Commission was filing a motion for thirty days additional time. In his letter Judge Reynolds was requested to advise him as to "the action taken by the court on our motion" for additional time.

On the 27th day of December, 1962, Judge Reynolds wrote Mr. Henson a letter in regard to Case No. 20,574 which stated:

"I have talked to Mr. Kester about your motion for additional time to plead in the above case and he stated he had no objection to its allowance. I have, therefore, signed and filed the order presented by you granting you until January 26, 1963, in which to plead."

On the 28th day of December, 1962, a letter from Mr. Henson confirmed the employment of Samuel Mellinger of Emporia, Kansas, by the Commission as local counsel in Case No. 20,574. Mr. Mellinger did not know of the existence of any other action in the district court of Greenwood County, numbered 20,575, or any other number. The record does not reflect that he checked the files in the district court or made any other investigation. Later by letter on February 8, 1963, Mr. Mellinger was retained as local counsel by the Commission in Case No. 20,575.

As to Case No. 20,575 no action was taken by the Commission. On the 21st day of January, 1963, the January term of the district court in Greenwood County opened, and at the calling of the docket neither Mr. Sweet nor any other attorney on behalf of the Commission was present. (As to Case No. 20,574 counsel did not attend since that case was not at issue by reason of the previous order of the court allowing the Commission until the 26th day of January, 1963, to plead; and as to Case No. 20,575 no appearance was made because counsel were not aware that such case was pending.) There was a dispute as to whether counsel for the Commission received a copy of the docket prepared by the district court of

Greenwood County for the opening day of the January term. The docket listed both cases in consecutive order and showed the appearance of counsel for the Commission in Case No. 20,574, but showed no appearance of counsel for the Commission in Case No. 20,575.

On the 1st day of February, 1963, counsel for Mr. Williams filed a motion for default judgment, and without notice to or inquiry of the Commission, or its attorneys, presented the motion to the court on the same day. (Technically, notice was unnecessary to opposing counsel since there was no attorney of record in this case.) The trial court entertained the motion and, after counsel for Mr. Williams made a perfunctory showing of damages, entered a default judgment on the same day against the State Highway Commission in the sum of $25,000.

In the first part of February, 1963, Mr. Sweet while going through the "Notice of Injuries" file in the legal department noticed the summons in Case No. 20,575 and realized there were two actions, one for $75,000 and another for $25,000 filed by Mr. Williams. He thereupon called the clerk of the district court and was informed that a default judgment had been entered.

Within a few days thereafter, on the 8th day of February, 1963, the Commission filed a motion to set aside and vacate the default judgment. This motion was heard by the district court on the 8th day of March, 1963, at which time the attorneys for the plaintiff appeared generally, consented to, acquiesced in and participated fully in the hearing for all purposes. Evidence was presented on the motion. The court file in Case No. 20,574 was received in evidence as part of the hearing and shows the appearances, activities and defenses made by the Commission and its attorneys in Case No. 20,574.

At the conclusion of the hearing the court made an order directing the Commission to file a brief by March 18, 1963, and directing Williams to file a reply brief within ten days thereafter. Thereupon the matter was taken under advisement, and on the 25th day of April, 1963, the court entered its order overruling the motion. (It is to be noted the default judgment and the order overruling the motion of the Commission to set aside and vacate the default judgment were entered within the January term of court which expired on May 20, 1963.)

The instant appeal was duly perfected from the default judgment entered on February 1, 1963, and from the order overruling the motion to set aside and vacate the default judgment.

The appellee has filed a motion in this court to dismiss the appeal, contending that the order denying the Commission's motion to vacate and set aside the default judgment is not an appealable order within the contemplation of G. S. 1949, 60-3302, 60-3303 or G. S. 1961 Supp., 60-3314a.

The theory upon which the appellee relies is that no separate appeal was taken from the default judgment of February 1, 1963, until May 11, 1963; that the motion filed on February 8, 1963, to set aside and vacate the default judgment did not extend the time for appeal; that the order of April 25, 1963, denying the motion did not extend the time for appeal; that said order was not an appealable order; that the appeals taken from the default judgment and the order were ineffective; and therefore the appeals should be dismissed for want of appellate jurisdiction.

We have been cited to no case directly in point, and our research has disclosed none. This being a matter which arises under the old code of civil procedure, extended discussion will not be undertaken.

A separate appeal within two months from and after entry of the default judgment on February 1, 1963, would have accomplished nothing. If such an appeal had been taken, appellate review would have been limited to a determination of whether or not the judgment was erroneous on the face of the judgment itself. (*Williams v. Schrock*, 118 Kan. 347, 235 Pac. 111.) Since nothing erroneous appeared on the face of the judgment, such a separate appeal would have been an idle and useless gesture. In this court the propriety of the default judgment and the right of the Commission to have it vacated and set aside could not be determined until (*a*) the Commission challenged it; (*b*) the court heard and took evidence on the challenge; and (*c*) the court ruled either correctly or incorrectly on the challenge.

On the facts here presented the trial court had control over its judgment during the term in which it was rendered. The Commission's motion to have the default judgment vacated and set aside was one which rested in the discretion of the trial court during the term in which the default judgment was rendered. (See, *Buchanan v. Lambdin*, 176 Kan. 62, 269 P. 2d 443.) Action taken

by the trial court pursuant to the Commission's motion within the term held the default judgment in abeyance until such time as an appropriate order was entered within its judical discretion. The trial court had not lost jurisdiction. (*Mulcahy v. City of Moline*, 101 Kan. 532, 171 Pac. 597.)

The trial court's order denying the motion to set aside and vacate the default judgment was an order which reserved no further question, or direction, for the future or further action of the district court. It was a final order in this matter and therefore appealable. If this court were to hold that an order refusing to set aside and vacate a default judgment was not appealable, it would in effect be holding that this court has no appellate jurisdiction, and hence no power of review to correct error, even though the trial court's ruling on the motion constituted an abuse of judicial discretion.

The order entered by the trial court upon the Commission's motion to set aside and vacate the default judgment was final. An appeal from such order entitled the Commission to also perfect an appeal from the default judgment, even though it was entered more than two months prior to the overruling of the motion. This was the intent and purpose of G. S. 1961 Supp., 60-3314a. The situation here presented falls squarely within its provisions.

Did the trial court err in its refusal to vacate and set aside the default judgment?

An extended discussion of the facts in this case is unnecessary. For the Bench and Bar a mere recital of the facts is sufficient to disclose negligence and failures on the part of counsel which eventually led to the default judgment in question.

This court neither condones the negligent practice of law, nor the practice of law by telephone and mail. It frowns upon dilatory tactics and the failure of counsel to appear on the opening day of a term when their client's case is pending in district court. And while all of these must have incensed the trial judge, we, nevertheless, feel impelled to view the case in a broader scope.

This was not a case in which the failure of counsel for the Commission to appear in Case No. 20,575 left either the court or opposing counsel in any quandary as to who represented the State Highway Commission in its legal matters.

Here two cases numbered consecutively were filed by the appellee in the district court of Greenwood County, Kansas. Both were filed on the same day, grew out of the same accident, and

had the same plaintiff but in different capacities. In the one the Commission through counsel appeared, received an extension of time and pursued the litigation in an effort to defend. In the other the Commission made no appearance.

These facts in particular gave not only counsel for the appellee notice that something was wrong, but it also gave the trial judge cause to inquire on the opening day of the January term, and cause to require that notice be given to counsel for the Commission prior to the entry of a default judgment in the sum of $25,000.

Courts should strive to see that litigation is determined on its merits and not defeated at some procedural stage enroute. (See, *Fisher v. Pendleton,* 184 Kan. 322, 333, 336 P. 2d 472, 74 A. L. R. 2d 1274.) In our opinion the trial court erred when it refused to set aside and vacate the default judgment upon the showing made by the Commission on its motion.

The judgment and order of the lower court are reversed with directions to vacate the default judgment and proceed to determine the litigation on its merits.