ANDREW COUNTY, Defendant in Error, *v.* AMOS F. OWENS, Plaintiff in Error.

1. *Revenue — County collector — Failure to pay amount found in arrears, or to comply with order of court — Construction of statute.*—A county collector found in arrears by the County Court, and failing to comply with the order of court issued pursuant to statute (Wagn. Stat. 412, § 22), for the payment of the amount due, or to appear at the first day of the next term, to protect his rights ( §§ 23-4), has no appeal from a judgment of court thereupon rendered against him for the amount in default. (See generally sections 19 *et seq.*)

*Error to Fifth District Court.*

*Kelly, Davis & Giddings,* for plaintiff in error.

I. It has always been conceded that in cases like the one at bar an appeal would lie; and the only question has been whether the appeal operated as a *certiorari* or writ of error, or whether the case could be tried *de novo.* (County of Boone v. Corlew, 3 Mo. 10–12; County of St. Louis v. Sparks, 11 Mo. 201; Lewis v. Nicholls, 26 Mo. 278; Lacy v. Williams, 27 Mo. 280; County of St. Louis v. Lind *et al.,* 42 Mo. 348; Foster *et al.* v. Dunklin, 44 Mo. 216.) The Circuit Court did not try this case either upon the record or *de novo,* but dismissed the appeal without a hearing in either mode. His failure to appear on the first day, or before the judgment, might preclude him from setting up a defense in the County Court of extraneous matter — matters not apparent on the face of the record—but it could not preclude him from appealing nor from resisting the correctness of the decree or judgment for error, apparent on the face of the claim or record.

II. It was not necessary, in this case, for plaintiff in error to move or appear before the judgment was rendered in order to entitle him to an appeal; nor is it necessary to move to set aside a judgment by default in the County Court at all, in order to an appeal.

*Strong & Chandler,* for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

There is but one question presented by this record for our consideration, and that is the action of the Circuit Court in dismiss-

ing the appeal from the County Court. Owens, it seems, was formerly the collector of the revenue of Andrew county; and at the May term, 1869, of the County Court of that county, the court alleged that he had failed to make his settlements at stated terms, as the law required; and they proceeded to adjust his accounts, and found a balance due the county. An order was then entered of ·record' commanding him to pay the amount so found due, to the county treasurer within ten days after a copy of the order should be served upon him. This he failed to do, and at the next succeeding (August) term the County Court proceeded to render judgment against him for the sum found due on settlement, together with the statutory penalty. At the October adjourned term, it being a continuation of the regular August term, Owens appeared and moved the court to set aside the judgment and open up the settlement for certain reasons alleged in his motion, which being overruled, he appealed to the Circuit Court. In the Circuit Court the county, by its attorney, appeared and moved to dismiss the appeal because the defendant did not, on the first day of the next term of the County Court after the adjustment of his accounts, show cause why judgment should not be rendered against him, and because no appeal was allowed by law in this case. The Circuit Court sustained the motion; and an affirmance being had in the District Court, Owens sued out his writ of error. The proceedings were had under the statutes prescribing the duties of collectors and other officers who are chargeable with moneys belonging to any county. (1 Wagn. Stat. 412, § 19 *et seq.*)

The nineteenth section makes it the duty of the officers named to settle with the County Court at each stated term thereof, and pay the balance which may be due the county into the treasury. The twentieth, twenty-first, and twenty-second sections provide that if the person chargeable shall refuse to render true accounts or to settle, the court shall proceed to adjust the accounts of such delinquent according to the best information they can obtain, in which case the court may refuse to allow any commissions to the officer in default, and may, moreover, without delay, order him to pay into the county treasury the balance found due; and if he

does not pay the amount thereof and produce to the clerk of the County Court the treasurer's receipt therefor, within ten days after the balance is ascertained, it is then made the duty of the county clerk to charge him with ten per cent. on the amount due.

Section 23 declares that unless the delinquent appear on the first day of the next succeeding term, and show good cause for setting aside such settlement, the court shall enter up a judgment for the amount due, with thirty per cent. per annum until paid, and issue execution therefor. But the twenty-fourth section further provides that if good cause be shown for setting aside the settlement, the court may re-examine the accounts, settle and adjust the same according to law, and, in their discretion, remit the penalties imposed.

As the proceedings are in the first instance *ex parte*, it was not intended to deprive the delinquent of the privilege of appearing and presenting his claim to relief. For that purpose the law requires him to appear on the first day of the next succeeding term, and unless he does so, and shows good cause for setting aside the settlement, then judgment goes against him, with an additional penalty. If he complies with the law and makes his appearance, the accounts may be re-examined and the penalties remitted. Owens was duly notified, and paid no attention to the order of the court or the requirements of the law. Two months elapsed before he supposed that his case was worth attending to. The law specially fixes the period at which he was bound to appear to protect his rights, and we have no power to extend the time. If an appeal would lie at all in the case, in order to avail himself of it, it was incumbent on him to appear on the first day, as the law directs, and take the proper steps in that behalf. Parties can not wholly disregard the law, and then ask for relief at their own pleasure.

We are unable to distinguish this case from the principle that obtains in appeals from justices' courts on judgments by default. When a judgment is rendered before a justice of the peace by default, the defendant must appear before the justice within ten days and move to have the same set aside. If he does not so appear he forfeits his right of appeal; and if he appeals, his

appeal will be dismissed. There he must act within ten days; here he must move on the first day of a stated term. It is evident that the defendant has mistaken his remedy, and that he must pursue another course.

The other judges concurring, the judgment will be affirmed.