COLLINS *v.* KERSTIENS

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—POLICY.
   The established policy of courts is against setting aside defaults which are regularly entered.

2. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—HARMLESS IRREGULARITY.
   A judgment of default ought not be set aside for a harmless irregularity or just to attain perfection of record; a showing that the irregularity injuriously affected the interest of a party should be made.

3. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—IMPROPER NOTICE—DISCRETION.
   Refusal to set aside a default judgment was not an abuse of discretion even though the defendants had not received proper notice of entry of the judgment where the defendants did not move in the trial court to set aside the default nor show · good cause to set aside the default.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 46 Am Jur 2d, Judgments §§ 682, 686, 708.
[3] Effect, under Rule 55(b)(2) of the Federal Rules of Civil Procedure and similar state statutes and rules, of failure, prior to taking default judgment against party who has appeared, to serve 3-day written notice of application for judgment. 51 ALR2d 837.

Appeal from Wayne, John B. Swainson, J. Submitted Division 1 January 6, 1971, at Detroit. (Docket No. 8336.) Decided February 18, 1971. Leave to appeal denied May 7, 1971, 384 Mich 836.

Complaint by James Collins against Moritz A. Kerstiens and Remedios Kerstiens for foreclosure of a land contract. Default judgment for plaintiff. Defendants appeal. Affirmed.

*Haddad & Haddad,* for plaintiff.

*Riseman, Lemke & Piotrowski,* for defendants.

Before: R. B. Burns, P. J., and J. H. Gillis and Danhof, JJ.

R. B. Burns, P. J. Plaintiff filed suit in Wayne County Circuit Court on February 13, 1969, seeking foreclosure on a land contract. The contract in question was for the sale of both real *and* personal property. Personal service on the defendants was obtained on February 20, 1969.

On May 16, 1969, a default was entered against the defendants. A default judgment was entered on May 26, 1969.

On June 23, 1969, the defendants made a motion to vacate the default judgment. This motion was heard on August 29, 1969. On September 6, 1969, the trial judge issued an order vacating the judgment of May 26, 1969.

A second default judgment was entered on October 2, 1969. On October 9, 1969, the defendants moved to vacate the second judgment. This motion was denied.

Defendants appeal from the entry of the default against them and the subsequent entry of the judgment based on that default.

A review of the record in this case indicates that defendants have never moved in the trial court to set aside the default nor has good cause to set the default aside been shown as required by GCR 1963, 520.4. The established policy of the courts in this state is against setting aside defaults which are regularly entered. *Zinn* v. *Fischer Distributing Co.* (1970), 27 Mich App 591. As the default in this case was regularly entered and the defendants have not properly moved to set it aside, we must affirm the entry of the default.

The defendants claim the judgment entered in this case was not properly entered for the following reasons: (1) they did not receive proper notice of its entry; (2) the trial court appointed a receiver; and (3) no provision was made for property of defendants on the premises recovered by the plaintiff.

We find that as this was an action in equity the trial court acted property in appointing a receiver. *Kefgen* v. *Coates* (1961), 365 Mich 56. The notice requirements of GCR 1963, 520.2(2), were not complied with; the judgment entered was voidable.

In *White* v. *Sadler* (1957), 350 Mich 511, 520, the Court stated:

"The failure to give advance notice of the settlement of the decree is referred to as an 'irregularity' in *Ross* v. *St. Clair Circuit Judge* [1939], 291 Mich 70. It is to be noted, however, that it is an irregularity in the entry of the decree or judgment and not in the taking of the default. The two are not the same thing. That such an irregularity need not be fatal is shown in the *Ross Case, supra.* It is more specifically discussed in the *Union Trust Company* v. *Detroit Trust Company* [1927], 240 Mich 646, at pp 651, 652, where this Court said: 'The court ought not to set aside a decree for a harmless irregularity, or just to attain perfection of record. It

ought also to be made to appear that the irregularity affected injuriously the interest of a party.' "

Under the circumstances of this case the trial judge did not abuse his discretion.

Affirmed. Costs to appellee.

All concurred.