Edward DECKER and Mary Diane Decker, Respondents,

v.

J. E. SIEBEN CONSTRUCTION COMPANY, Appellant.

No. 25944.

Missouri Court of Appeals, Kansas City District.

March 5, 1973.

Watson, Ess, Marshall & Enggas, Charles E. Patterson, Leonard Singer, Kansas City, for appellant.

Von Erdmannsdorff & Kuhlman, P. Wayne Kuhlman, North Kansas City, for respondents.

Before SHANGLER, C. J., PRITCHARD and WASSERSTROM, JJ., and LAURENCE R. SMITH, Special Judge.

SHANGLER, Judge.

The plaintiffs filed a petition alleging damage to the residence they occupied from the blasting operations of the defendant construction company. The defendant did not answer or otherwise respond to the petition, and the trial court, after the plaintiffs presented evidence, gave judgment by default against the defendant for $12,000.

The defendant seeks on this appeal to have the judgment annulled or set aside on grounds that 1) the petition fails to state a cause of action, 2) plaintiffs failed to prove the allegations of their petition, and 3) plaintiffs failed to prove damages of any amount.

The petition, except for the designation of plaintiffs and the damages sought, is a replica of the petition in case number 25943, Thomas I. Sumpter, Jr. and Evelyn Sumpter, plaintiffs, v. J. E. Sieben Construction Company, Inc., defendant, concurrently decided by this Court. The damage alleged in each petition is from the same series of occurrences, the cases were contemporaneously tried to the same court, and the same three errors are alleged from each trial. We deny relief to the defendant-appellant on the first two grounds, that the petition fails to state a cause of action and that plaintiffs failed to prove the allegations of their petition, for the same reasons we have given in case number 25943. The nature of the proof of damages in this case is distinctively different from that in the companion case and requires a separate statement of the evidence of damages and separate consideration of the defendant's remaining assertion of error, that plaintiffs failed to prove damages of any amount.

The evidence of damage came from the plaintiffs, Edward Decker and Mary Decker, his wife. Mr. Decker testified that before the blasting occurrences the house was structurally sound. His examination thereafter disclosed cracked foundation, cracked floors, cracked walls, tile dislodged from the bathroom, floors pulled away from the walls, settling of dirt around the foundation, and other evidence of damage. The witness produced photographic representations of the damage described by his testimony. Mr. Decker gave testimony of costs of repair and replacement of certain parts of the house, which, without further specification, he estimated at $12,000 and asked for recovery in that amount. Whether for the purpose of qualifying as an expert in support of the evidence he had already given does not appear, but Mr. Decker concluded his testimony by acknowledging that he was "in the construction business as a construction worker". Mrs. Decker's testimony followed. She described the damage to the home as "pretty bad" and agreed, generally, with her husband's monetary assessment of the damage as $12,000. At the conclusion of this evidence, the court entered judgment for the full amount sought.

■ We have found the rule to be that the measure of damages for injury to real property from blasting is the difference in the value of the property immediately before and immediately after the injury unless the property was restorable to its former condition at a cost less than the diminution in value, in which case the cost of restoration becomes the measure of damages. But there must be competent and substantial evidence to support the standard applied. Curtis v. Fruin-Colnon Contracting Co., 363 Mo. 676, 253 S.W.2d 158, 164 [12]; Kirst v. Clarkson Construction Company, Mo.App., 395 S.W.2d 487, 492 [9].

■ Assuming the improbable, that Mr. Decker's testimony of restoration costs was competent as coming from a witness qualified in such matters, and even if from a qualified source, that the undifferentiated estimate of $12,000 for such expenditures was substantial proof of such cost, the judgment, still, would be without proof of damage. As we have stated the rule, where recovery is sought for the cost of restoration of damaged real property to its former condition, it must be shown that the cost of restoration is less than the diminution in the value of the real property as the result of the injury. Curtis v. Fruin-Colnon Contracting Co., supra. There was no evidence as to the difference between the reasonable market value of the real property immediately before and immediately after the blasting.

■ For the reasons we have given in Thomas I. Sumpter, Jr. and Evelyn Sumpter, Respondents, v. J. E. Sieben Construction Company, Appellant, 492 S.W.2d 150 (Mo.App.1973), concurrently decided, upon remand, the defendant, as well as the plaintiffs, may have a determination of damages by a jury.

The judgment is reversed and remanded for determination of damages only.

All concur.