21407

Mirielle T. BELUE, Respondent, v. Richard O. BELUE, Appellant, (276 S. E. (2d) 295)

*James Francis Fraley, Jr.* and *J. Roger Poole,* both of *Fraley, McChesney & Poole,* Spartanburg, *for appellant.*

*William E. Durant, Jr.,* Sumter, *for respondent.*

March 10, 1981.

*Per Curiam:*

This appeal is from a family court order granting respondent a divorce *a vinculo matrimonii* on the ground of appellant's habitual drunkenness. The other further grants re-

spondent alimony, the payment of her attorney's fees by appellant and title in the marital home and car she now uses.

Appellant contends that the court erred in granting respondent alimony and sole title in the marital home and car. It is to be noted, however, that neither appellant nor his attorney was present at the final divorce hearing. Since no appeal lies from a default judgment in the absence of statutory provision or radical defect in the judgment, *Gadsden v. Home Fertilizer and Chemical Co.,* 89 S. C. 483, 72 S. E. 15 (1911); *Odom v. Burch,* 52 S. C. 305, 29 S. E. 726 (1897), a defendant is estopped from thereafter challenging the judgment and is not entitled to take further steps in the cause affecting the plaintiff's cause of action, except to attempt to set aside the judgmtnt. *Morse v. Morse,* 67 A. D. (2d) 750, 412 N. Y. S. (2d) 220 (1979); *see also, Heathman v. Vant,* 172 Cal. App. (2d) 639, 343 P. (2d) 104 (1959); 4 C. J. S. *Appeal and Error,* § 155 (1957). Appellant's proper remedy would therefore either be to attempt to have the judgment set aside pursuant to Section 15-27-130, S. C. Code (1976) or to attempt modification on the basis of change of condition of those parts of the family court order which are variable. *See Witt v. Witt,* 271 S. C. 541, 248 S. E. (2d) 494 (1978). This appeal is therefore dismissed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.

LITTLEJOHN, J., concurs in result only.