**Mildred J. BLACKMORE, Plaintiff-Respondent,**

v.

**William BLACKMORE, III, Defendant-Appellant.**

**No. 43770.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 31, 1982.

Robert S. Moss, St. Louis, for defendant-appellant.

John D. French, St. Ann, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal by the husband from a default judgment entered against him in a marriage dissolution case. Appellant filed no motion for relief from the default judgment. The judgment was dated June 9, 1980. On January 7, 1982 the Missouri Court of Appeals granted the husband's motion for leave to file a late notice of appeal.

The transcript and appellant's brief were duly filed but no brief was filed by respondent.

The first question to be answered is whether this court has jurisdiction, a question which may be raised sua sponte. The jurisdiction of an appellate court "... may not be conferred by waiver, silence, acquiescence, or consent, and it is incumbent upon this court to sua sponte inquire [sic] into and determine whether it has jurisdiction." *Corder v. Corder,* 546 S.W.2d 798, 800[1] (Mo.App.1977).

There are few Missouri cases on the question of an appeal from a default judgment in the absence of a prior motion to set aside.

The vast majority of cases which address the issue of whether a party can appeal a default judgment are concerned with appeals from an order of a trial court which either grants or denies a motion to set aside or vacate a default judgment. E.g., *Byrd v. Brown,* 613 S.W.2d 695 (Mo.App.1981); *Kallash v. Kuelker,* 347 S.W.2d 467 (Mo.App. 1961).

■ Is a default judgment appealable in the absence of a motion to set aside or vacate the judgment? This court rules it is not and dismisses the appeal.

■ The general rule is that an appeal may not be taken from a default judgment unless there was a prior motion in the trial court. See *Andrew County v. Owens,* 46 Mo. 386 (1870); *Industrial Commission v. Parise,* 13 Ariz.App. 522, 478 P.2d 137 (1970); 4 C.J.S. Appeal and Error § 155a. The reason for the rule is to allow the trial court an opportunity to pass on a ground which it may not have previously considered. *Industrial Commission v. Parise,* 13 Ariz.App. 522, 478 P.2d at 138–139.

■ An exception is made to the general rule where on appeal, the party against whom default was entered raises a question of subject matter jurisdiction or the sufficiency of the petition. *McCrosky v. Burnham,* 282 S.W. 158 (Mo.App.1926); *Industrial Commission v. Parise, supra;* 4 C.J.S. Appeal and Error § 155a.

Appellant filed no motion to set aside or vacate the default judgment. He raises no issue concerning the trial court's jurisdiction.

■ Arguably appellant raises the issue of the sufficiency of the pleadings when he asserts that no property was described in the amended petition of respondent. The amended petition states "that the parties are possessed of marital property." This allegation is sufficient.

The appeal is dismissed.

REINHARD, P. J., and CRIST, J., concur.