**Paula BARNEY, Respondent,**

v.

**Donald SUGGS, D.D.S., Appellant.**

**No. 65980.**

Supreme Court of Missouri,
En Banc.

April 2, 1985.

Rehearing and Reargument Denied
April 30, 1985.

---

Mark G. Arnold, Harry B. Wilson, St. Louis, for appellant.

Godfrey P. Padberg, St. Louis, for respondent.

BILLINGS, Judge.

Consolidated appeals by defendant-dentist seeking relief from a $300,000 default judgment in favor of plaintiff-patient. The court of appeals concluded under *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo. banc 1984), *after retransfer*, 666 S.W.2d 426 (Mo.App.1984), it had no jurisdiction over defendant's direct appeal because of the absence of a timely motion to vacate the judgment. However, the court of appeals considered defendant's multi-pronged motions, filed subsequent to his notice of appeal, as a motion to set aside for irregularity under Rule 74.32 and opined that the lack of substantial evidence to support the damage award was an irregularity entitling defendant to a new trial on the issue of damages. Because of the importance and general interest of the issues involved, the cause was transferred to this Court. We affirm.

The relevant dates and proceedings are as follows:

| DATE | EVENT |
| --- | --- |
| August 12, 1980 | Defendant performed oral surgery on plaintiff. |
| August 10, 1982 | Plaintiff's petition filed. |
| August 27, 1982 | Personal service on defendant. |
| November 17, 1982 | Trial court granted plaintiff's motion for interlocutory judgment of default. |
| February 23, 1983 | Plaintiff presented evidence on damages. |
| March 15, 1983 | Final judgment of default for $300,000.00 entered. |

**358**

| DATE | EVENT |
| --- | --- |
| June 15, 1983 | Eastern District granted defendant's motion to file late notice of appeal. |
| June 23, 1983 | Notice of appeal of the default judgment filed. |
| June 27, 1983 | Defendant filed motions in the trial court for a writ of error coram nobis to set aside the default judgment, alternatively, to vacate or equitably set the judgment aside. |
| November 4, 1983 | Trial court heard and denied defendant's motions. |
| November 9, 1983 | Notice of appeal of November 4 ruling filed. |
| December 29, 1983 | Eastern District granted a motion to consolidate appeals. The appeal of the default judgment was consolidated with the appeal of the November 4th denial of defendant's motions. |
| May 1, 1983 | Eastern District filed an opinion on the consolidated appeals. |

As demonstrated, supra, the case under consideration involves two consolidated but distinct appeals. The first is a late but direct appeal of the default judgment. The second is an appeal of trial court's denial of defendant's motions to set aside the default judgment for alleged irregularities.

We initially note that in defendant's reply brief in the court of appeals he took the position that the damage award was reviewable on direct appeal but was not reviewable under a writ of error coram nobis, a petition in equity, or motion to set aside for irregularities under Rule 74.32. Further, such motions did not afford him an opportunity to inquire into the substantiality of the evidence supporting the judgment. However, in supplemental briefs filed with this Court defendant has hitched his appellate wagon to both direct appeal and irregularities in seeking barnyard equity to extricate himself from the judgment.

■ The court of appeals correctly held that the direct appeal of the default judgment should be dismissed for failure to satisfy a mandatory prerequisite. *A default judgment cannot be appealed unless the trial court has previously heard a motion to set aside or vacate the judgment. Vonsmith v. Vonsmith, 666 S.W.2d 424 (Mo. banc 1984), after retransfer,* 666 S.W.2d 426 (Mo.App.1984); *In re Marriage of Arnold,* 684 S.W.2d 451 (Mo. App.1984); *Blackmore v. Blackmore,* 639 S.W.2d 268 (Mo.App.1982). Motions filed *after* the notice of appeal do not satisfy the *Vonsmith* requirement. Defendant failed to file a *timely* motion to set aside or vacate the default judgment and direct appellate review is not available to him.

■ Defendant's second appeal involves the trial court's denial of his June 27, 1983, motions. The trial court had already lost jurisdiction because the default judgment had become final due to the passage of time. Further, defendant filed these motions *after* he had earlier filed a notice of appeal of the default judgment and paid the docket fee. Assuming viable jurisdiction, the trial court at that moment was divested of jurisdiction because it had lodged in the appellate court. *Gieselmann v. Stegeman,* 470 S.W.2d 522 (Mo.1971); *State ex rel. Brooks Erection Co. v. Gaertner,* 639 S.W.2d 848 (Mo.App.1982). Nevertheless, because Rule 74.32 authorizes and permits a motion to set aside a judgment for irregularities to be filed within a three-year period following the judgment, and because the issue of alleged irregularities has been squarely raised and presented in the briefs and arguments of the parties in this Court, we will consider and treat defendant's motions as an *independent* motion for relief under rule 74.32.

■ Many opinions have discussed the irregularity requirement of a motion to set aside a judgment. The present Rule 74.32, and its statutory predecessors, recognizes a common law remedy and adds a new time limit of three years. Comment, Procedure-Setting Aside Final Judgments in Missouri, 28 Mo.L.Rev. 281, 286 (1963). The remedy is very narrow. *State ex rel. Brooks Erection and Construction Co. v. Gaertner,* 639 S.W.2d 848, 850 (Mo.App.1982). The irregularity must render the judgment contrary to a proper result. *Cross v. Gould,* 131 Mo.App. 585, 110 S.W. 672 (1908), *overruled on other grounds, Simms v. Thompson,* 291 Mo. 493, 236 S.W. 876 (banc 1921).

*It must be patent on the record and must not depend on proof beyond the record.* Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132 (banc 1952); *Wooten v. Friedberg,* 355 Mo. 756, 198 S.W.2d 1 (1946). The irregularity must indicate that the judgment was materially contrary to an established form and mode of procedure for the orderly administration of justice. *Cross, supra.* Rule 74.32 only reaches procedural errors that if known would have prevented the entry of the judgment; irregularities are not ordinary judicial errors in a judgment that are reached through proper procedures and the motion does not allow review of judicial errors committed in the rendering of a judgment. *Casper, supra.*

> An irregularity may be defined to be the want of adherence to some procedural rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it in an unseasonable time, or improper manner.

*Id.* 245 S.W.2d at 138. The motion is not a substitute for a direct appeal. *Robinson v. Martin Wunderlich Construction. Co.,* 72 S.W.2d 127 (Mo.App.1934). *It does not test the sufficiency of the evidence supporting the default judgment. Id.* The sufficiency of evidence at the damage stage must be assumed during review for irregularities. *Head v. Ken Bender Buick Pontiac, Inc.,* 452 S.W.2d 596 (Mo.App.1970).[1]

■ Defendant claims two irregularities. First, he alleges the evidence was insufficient to justify the damage award. *See, e.g., Smith v. Sayles,* 637 S.W.2d 714 (Mo. App.1982). Although this ground can be advanced in a proper direct appeal, the judgment cannot be set aside for such an alleged irregularity. The alleged error is judicial, not procedural, and it is not subject to review under Rule 74.32.

■ Second, he alleges the default judgment should be set aside for failure to give constitutionally required notice. The procedure plaintiff utilized followed our rules, the statutes, and decisional law, and does not constitute an irregularity under Rule 74.32. When damages are unliquidated, the default procedure has two stages. First, if defendant fails to file a timely pleading plaintiff may obtain an interlocutory judgment of default. Rule 74.045. Second, damages are assessed and a final judgment is entered. Rule 74.09–.11. No time interval between the stages or additional notice is required.

Here, defendant was personally served with summons and petition and was put on notice of every stage of the proceeding. Rule 43.01(a). *Courtin v. McGraw Construction Co.,* 639 S.W.2d 286 (Mo.App. 1982); *Korn v. Ray,* 434 S.W.2d 798 (Mo. App.1968).[2] Service of a valid summons

---

**1.** Examples of irregularities include: (1) failing to provide required notice, *Murray v. United Zinc Smelting Corp.,* 263 S.W.2d 351 (Mo.1954); *Pikey v. Pikey,* 605 S.W.2d 215 (Mo.App.1980), (2) rendering a judgment for an amount greater than the petition prayed for, *Rook v. John F. Oliver Trucking Co.,* 505 S.W.2d 157 (Mo.App. 1973); *Boggess v. Jordan,* 283 S.W. 57 (Mo.App. 1926), (3) failing to appoint a guardian ad litem to protect the interests of a minor, *McDaniel v. Lovelace,* 439 S.W.2d 906 (Mo.1969), *modified on other grounds by rule change, see Hawkins v. Hawkins,* 533 S.W.2d 634 (Mo.App.1976), and (4) entering a judgment prematurely, *ABC Fireproof Warehouse Co. v. Clemans,* 658 S.W.2d 28 (Mo. banc 1983).

**2.** Defendant cites *Hoppe v. St. Louis Public Service Co.,* 361 Mo. 402, 235 S.W.2d 347 (banc 1950), to support the requirement that a plaintiff notify a defendant in default when the hearing on damages will be conducted. In *Hoppe*

the trial court, **sua sponte,** ordered a new trial without giving notice or a hearing to the parties. A statute gave the trial court the power to order a new trial within 30 days of a judgment, but the Court had to prescribe the manner in which the power could be exercised. The Court held reasonable notice was required because the rights of persons and property were at issue. The key factor was that the adversely affected party had no notice that his interests were being considered. *Hoppe* does not control the present case because Dr. Suggs had notice. He received a valid summons and proceeded at his own risk.

Defendant argues that the only two cases to consider the constitutionality of notice mandate the judgment be set aside for irregularity. His conclusion is incorrect. He cites *In re Estate of Sympson,* 577 S.W.2d 68 (Mo.App.1978). *Sympson* was a statute **ex parte** action, not a default. The court held that the constitution may independently impose notice requirements when a proceeding directly affects a party. The facts

gives a defendant reasonable notice of the suit and the damage assessment upon default. There is simply no constitutional, statutory, or procedural irregularity in the present case and Rule 74.32 is of no aid to defendant.

Defendant negligently disregarded legal process. Once he was validly served he was charged with notice and in court for all subsequent proceedings. Plaintiff proceeded properly under the rules. Defendant ignored them. If judgments are properly rendered they should not be disturbed by loose interpretations of cases and newly created and imposed rules. Dereliction by a defendant should not be so rewarded. No additional notice was required under the law. Defendant's argument that the failure to give a defaulting defendant a second notice is an irregularity subject to a motion to vacate would open the door on default judgments and completely undermine our recent ruling in *Vonsmith,* supra.

The judgment is affirmed.

HIGGINS and GUNN, JJ., concur.

DONNELLY, J., concurs in separate opinion filed.

WELLIVER and BLACKMAR, JJ., dissent in separate opinions filed.

RENDLEN, C.J., dissents and concurs in separate dissenting opinion of BLACKMAR, J.

DONNELLY, Judge, concurring.

*The continued viability of Vonsmith:*

The present disposition of this case necessarily reaffirms the principle that "a default judgment is not appealable in the absence of a motion to set aside or vacate." *Vonsmith v. Vonsmith,* 666 S.W.2d 424

(Mo. banc 1984). *See also Andrew County v. Owens,* 46 Mo. 386, 388 (1870); *Blackmore v. Blackmore,* 639 S.W.2d 268, 269 (Mo.App.1982). While there is a lack of unanimity on the issue, this is the rule in numerous jurisdictions: "an appeal * * * will not lie in the first instance to reverse a judgment * * * entered against a party * * on his default, but the remedy, * * * is by application to the lower court for correction or setting aside of the entry." 4 C.J.S. Appeal & Error, § 155 (1957). *See, e.g., Montalvo v. Key Industries,* 98 A.D.2d 767, 469 N.Y.S.2d 482 (1983); *Collins v. Kerstiens,* 30 Mich.App. 633, 186 N.W.2d 847 (1971); *Belue v. Belue,* 276 S.C. 120, 276 S.E.2d 295 (1981).

The rationale for this rule is clear. In the absence of a motion to vacate or set aside filed in the trial court, there can be nothing before the appellate court which could suggest that the trial court erred in its application of the law to the facts. *Adel v. Parkhurst,* 681 P.2d 886, 889 (Wyo. 1984). The trial court "cannot be said to have committed an error when * * * [its] judgment was never called into exercise, and the point of law was never taken into consideration * * *. To assume the discussion and consideration of a matter of law, which the party would not discuss in the [trial court], and which that court, therefore, did not consider, is to assume, in effect, original jurisdiction." *Vonsmith,* 666 S.W.2d at 424, quoting *Gelston v. Hoyt,* 13 Johns. 561, 566–67 (N.Y.1816). *See also, Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36 (Mo. banc 1982); *Bunting v. McDonnell Aircraft Corp.,* 522 S.W.2d 161, 168 (Mo. banc 1975); *Stahlheber v. American Cyanamid Co.,* 451 S.W.2d 48,

mandated notice because no notice was ever sent to the adversely affected parties, and the **ex parte** action was taken in the middle of an actively contested dispute. In the instant case notice was originally served and defendant did not act. The facts that made failure to send notice in *Sympson* a violation of due process are not present in the instant case. *Traders Bank of Kansas City v. Cherokee Investment Co.,* 642 S.W.2d 122 (Mo.App.1982), also imposed a notice requirement as a matter of due process.

*Traders* is distinguishable because defendant was actively involved, and the notice involved the disposition of *defendant's* motions. No case cited by the defendant holds the default procedure unconstitutional. Reasonable notice was given by an initial summons that advised defendant of the consequences of default. Defendant did nothing. All cited cases are distinguishable because they involved a participating defendant.

61 (Mo.1970); *Robbins v. Robbins,* 328 S.W.2d 552, 555 (Mo.1959).

The dissent emphasizes language in § 512.020 that appeal may be taken from "any final judgment in the case." In doing so, it apparently overlooks the requirement contained therein that such appeal must be "to a court *having appellate jurisdiction.*" (Emphasis added.) In this State, it is an indispensable statutory prerequisite that all allegations of error be presented in the first instance to the lower court for consideration. § 512.160.1, RSMo 1978. There is no doctrine better settled than that the right of appeal is purely statutory and, therefore, when our statutes do not confer such a right, it does not exist. *Kansas City Power & Light Co. v. Kansas City,* 426 S.W.2d 105, 107 (Mo.1968); *Walker v. Thompson,* 338 S.W.2d 114, 115, 116 (Mo.1960), *Snoddy v. County of Pettis,* 45 Mo. 361, 362 (1870). Simply stated, if an appeal is not authorized by statute, an appellate court has no jurisdiction of the cause. *Martin v. Martin,* 534 S.W.2d 621, 625 (Mo.App.1976); *Powell v. Watson,* 516 S.W.2d 51, 52 (Mo.App.1974); *Hays v. Dow,* 237 Mo.App. 1, 7, 166 S.W.2d 309, 312 (1942). No statute provides an appellate court jurisdiction over a default judgment for which the trial court has not ruled on a motion to vacate or set aside the judgment. Accordingly, no appeal may lie from such a judgment, despite its finality.

As we noted in *Vonsmith,* the presentation of questions of law in the first instance to the trial court goes to "the very theory and constitution" of appellate jurisdiction and is an inherent ingredient in the right of appeal. 666 S.W.2d at 424. The rulemaking power of this Court does not extend to changing the law relating to the right of appeal. Mo. Const. art. V, § 5. For this reason, contrary to the views expressed in the dissent, this Court cannot "modify" by rule the jurisdictional parameters set forth in § 512.160.1. *See State ex rel. State Highway Commission v. Armacost Motors, Inc.,* 502 S.W.2d 330 (Mo.1973); *Moreland v. State Farm Fire & Casualty Co.,* 620 S.W.2d 24 (Mo.App.1981). Nor was that the intent of the "plain error" rule.

Rule 84.13(c). The "plain error" rule authorizes appellate courts to consider *errors* not raised or preserved in *cases* which otherwise fall within their appellate jurisdiction. *See, e.g., Highfill v. Brown,* 320 S.W.2d 493, 497–498 (Mo.1959); *Rasco v. Rasco,* 447 S.W.2d 10 (Mo.App.1969). Jurisdiction must be established by questions preserved for review and not merely by errors present in the record. *Winslow v. Sauerwein,* 365 Mo. 269, 271–272, 282 S.W.2d 14, 16 (1955); *State v. Brown,* 446 S.W.2d 498, 499 (Mo.App.1969). Plain error review of questions of law arising in a default judgment proceeding would accordingly require that a timely motion to vacate or set aside the judgment have been filed in the trial court to establish appellate jurisdiction. *See Aetna Casualty & Surety Company v. Dickinson,* 216 Neb. 660, 345 N.W.2d 8 (1984).

*The assessment of damages without notice:*

In Missouri, when a defendant is in default for failure to make an appearance, the truth of allegations of the petition constituting plaintiff's cause of action is deemed to be admitted. *Smiley v. Cardin,* 655 S.W.2d 114, 117 (Mo.App.1983). Nevertheless, where, as here, damages are unliquidated, a default is not an admission of damages. *Fawkes v. National Refining Co.,* 341 Mo. 630, 108 S.W.2d 7, 10 (1937); *Electrolytic Chlorine Co. v. Wallace & Tiernan Co.,* 328 Mo. 782, 41 S.W.2d 1049, 1052 (1931). A defendant in such a situation has the right "to be heard and participate in the trial on the question of damages and * * * minimize the damages or defeat the action by showing that no damages were caused to plaintiff by the matters alleged." *Electrolytic Chlorine Co.,* 41 S.W.2d at 1052. In my view, since such a defendant is entitled to be heard on the issue of damages, notice of the plaintiff's intent to have damages assessed should be required.

Authorities are not unanimous on the general question of whether a defendant is entitled to notice of a hearing to assess

damages following his default. *See generally,* Annot., 15 A.L.R.3d 586 (1967); 25A C.J.S. Damages § 170 (1966). The rationale for not requiring notice is that a properly served defendant has been given adequate notice to allow an intelligent decision on whether to appear or default, *knowing that the judgment cannot exceed the demand in the complaint. R.R. Gable, Inc. v. Burrows,* 32 Wash.App. 749, 649 P.2d 177, 180 (1982). This fits with the general rule on admissions by default: the default admits the plaintiff's entitlement to those damages that can be determined with exactness from the cause of action as pleaded. *Bowman v. Kingsland Development, Inc.,* 432 So.2d 660 (Fla.App. 5 Dist.1983).

However, where, as here, the prayer has been for only such damages as are fair and reasonable, damages cannot be determined with exactness, and defendant has not been given adequate notice to allow an intelligent decision on the damage issue of his default. *See Elfman v. Evanston Bus Co.,* 27 Ill.2d 609, 190 N.E.2d 348 (1963). In that circumstance, Rules 43.01(a) and 74.09 should be amended to require notice to the defaulting party prior to the determination of damages. Of course, because such amendments would not take effect until six months after their publication, Mo. Const. art. V, § 5, they would not apply in this case.

I concur.

WELLIVER, Judge, dissenting.

I respectfully dissent.

This case brings clearly into focus the problems Missouri courts have been encountering in the handling of default judgments. Default judgments are the result of either the intent, omission or negligence of clients or the omission or negligence of attorneys, or both. No easy or magic answer emerges for dealing with defaults. If judges deal softly with defaulters, the defaults will probably increase and the courts become inundated with requests for review. If a rule with the harshness of *Vonsmith v. Vonsmith,* 666 S.W.2d 424 (Mo. banc 1984), and the principal opinion prevails, we open the door to clients being hit with default judgments which may so far exceed their insurance, if any, as to wash out a lifetime of work and savings without benefit of judicial review. If the error or omission be that of the attorney trying to represent clients in this world of ever increasing paper shuffling, rules, regulations, and deadlines, application of the rule proposed in *Vonsmith* and the majority may serve only to hasten the escalation of legal malpractice premiums which will be passed on to clients. I cannot believe that these two alternatives are the only alternatives available for the courts' fair and just treatment of this matter.

The problem is not new. Our former standing Rules Committee labored years before submitting to the Court in August 1979 a proposed revision of Rule 74 relating to defaults. The Court rejected that draft. A revised draft was submitted to the Court in January, 1983. That draft has been considered and recommended for adoption by the Missouri Bar Association. The suggested rule change now pends before us awaiting final decision.

In his dissenting opinion, Blackmar, J., makes a persuasive argument that the *Vonsmith* rule, so perfectly designed for our dealing with allegations of error on appeal, may have substantial shortcomings for dealing with defaults.

I confess my own second thoughts about my concurrence in *Vonsmith.*

Though *Vonsmith* may be read as suggesting that the filing of *any* post-judgment motion in the trial court will suffice as a prerequisite to appellate review, it has never been held that excessive damages as here alleged can be reviewed under Rule 74.32 in its present form. Application of the *Vonsmith* rule to these facts serves only to place appellant in the classic "catch 22" situation.

DONNELLY, J., in his concurring opinion, states well the case for some form of notice prior to the hearing assessing damages. While such notice may not be specifically required by our rules, I believe that it

is generally followed as a matter of practice by the majority of the trial bar.

I, therefore, concur in the dissent of BLACKMAR, J., and in that part of the opinion of DONNELLY, J., that advocates a rule change requiring notice. I would agree with the recommendation of BLACKMAR, J., concerning disposition of this case.

BLACKMAR, Judge, dissenting.

I believe that this case should be retransferred to the Court of Appeals with directions to consider the merits of the appeal from the initial judgment under the "plain error" standard of Mo.S.Ct. Rule 84.13(c). The Court of Appeals dismissed the direct appeal from the final judgment under the compulsion of *Vonsmith v. Vonsmith,* 666 S.W.2d 424 (Mo. banc 1984), *after retransfer* 666 S.W.2d 426 (Mo.App. 1984). I believe that Vonsmith was improperly decided and should be overruled, for the reasons set out in Part I of this dissent. I rely on matters which were neither briefed nor thoroughly argued when *Vonsmith* was before us.[1]

### I.

As this Court pointed out in *State v. Lynch,* 679 S.W.2d 858 (Mo. banc 1984) the right of appeal is purely statutory. There the Court held that no appellate review was possible even though a criminal conviction had indelible consequences, because the trial court had not exhausted its full power in the premises. In *Vonsmith* and in the principal opinion the Court desists in cases in which appellate jurisdiction is clearly present under the governing statutes. The duty to decide an appeal within our statutory jurisdiction is fully as important as the duty to desist from ruling a case which is not appealable.

Section 512.020, RSMo 1978 provides in pertinent part as follows:

> Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from ... *any final judgment in the case ....* (Emphasis supplied)

Nothing in the statute indicates that it is not applicable to a judgment by default.

Section 512.050, RSMo 1978 provides in pertinent part as follows:

> No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final....

Section 512.060, RSMo 1978, however, authorizes an untimely appeal by special leave of the appellate court within six months after the judgment becomes final.

Our Constitution, in granting authority to this Court to establish "rules of practice and procedure" which modify procedural statutes, (Art. V, Sec. 3), specifically exempted changes affecting the "right of appeal." It follows that we may not achieve the same result by decision. Under the legislature's firm direction, then, the appeal from the $300,000 judgment was before the Court of Appeals for decision. The dismissal of the appeal represents abdication of judicial power clearly conferred.

Courts and lawyers have been prone to say, somewhat carelessly, that an appellate court has "no jurisdiction" over issues sought to be raised on appeal if those matters have not been presented to the trial court for decision.[2] Section 512.160.1, RSMo 1978, initially adopted as a part of

---

1. The parties to *Vonsmith* did not brief the question of "jurisdiction" of the Court of Appeals over an appeal from a default judgment. The issue was injected into the case by the majority and concurring opinions in the Court of Appeals, and was not briefed when the case was before us.

2. Most cases simply say that points not properly preserved are "not before us." *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31 (Mo. banc 1982); *Bunting v. McDonnell Aircraft Corp.,* 522 S.W.2d 161 (Mo. banc 1975); *Stahlheber v. American Cyanamid Co.,* 451 S.W.2d 48 (Mo.1970); *Robbins v. Robbins,* 328 S.W.2d 552 (Mo.1959).

the Civil Code of 1943,[3] has sometimes been relied on in support of the "no jurisdiction" claim. That section reads as follows:

1. Apart from questions of jurisdiction of the trial court over the subject matter and questions as to the sufficiency of pleadings to state a claim upon which relief can be granted or a legal defense to a claim, no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court.

That section demonstrates that the "no jurisdiction" assertion is not accurate. The section contains exceptions to the requirement of presentation to the trial court. The Court of Appeals, in *Vonsmith*, applied one of three exceptions in reversing a part of the judgment because relief was afforded in excess of the demands of the petition. Section 512.160.1 does not divest the appellate court of its jurisdiction, but rather directs the manner in which jurisdiction should be exercised.

Soon after the adoption of the Civil Code of 1943 the Court, on November 10, 1944, adopted a "harmonizing rule", then numbered 3.27, reading as follows:

Plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifests injustice or miscarriage of justice has resulted therefrom.

This rule continues in force as the present Rule 84.13(c). There is nothing in the text of the rule which excludes default judgments from its compass. In fact, there are cases to the contrary in which plain error has been found in the award of damage to the plaintiff on a 74.10 hearing, following default.[4] None of these cases was cited in *Blackmore v. Blackmore*, 639 S.W.2d 268 (Mo.App.1982), heavily relied on in *Vonsmith*, or in the two *Vonsmith* opinions. In *Riley v. White*, 231 S.W.2d 291 (Mo.App.1950), the St. Louis Court of Appeals reversed the damage portion of a default judgment, in which there was no indication that a motion to set the judgment aside had been filed in the trial court, and in which the point was not even raised in the defendant's brief on appeal. The opinion reads as follows:

As sometimes happens in trials by default, the evidence as to the second count appears to have been presented hurriedly and without proper regard for its probative value to prove the issues being tried. The practice should be exactly the opposite. Where a party seeks a judgment against another who is in default and not represented by counsel, he should proceed with even more care than usual to see that all requirements of the law are met. This for the very reason that the other side is not represented.

\*　\*　\*　\*　\*　\*

Moreover, we are of the opinion that Supreme Court Rule No. 3.27 was made to be utilized in just such a situation as we have before us. That rule provides that plain errors affecting substantial rights may be considered on appeal in the discretion of the court although not raised in the trial court nor preserved for review 'when the court deems that manifest injustice or miscarriage of justice has resulted therefrom.' The principle underlying the above rule was applied by our Supreme Court prior to the adoption of said rule although it was accompanied by warnings of caution in its application. See *State ex rel. Alton R. Co. v. Shain*, 346 Mo. 681, 143 S.W.2d 233.

The damage portion of a default judgment was also reversed in *Sumpter v. J.E. Sieben Construction Co.*, 492 S.W.2d 150 (Mo.App.1973). The court held that the plaintiff in a default situation did not have to prove the factual allegations of his

---

**3.** Laws of 1943, p. 353, 395, § 140.

**4.** *See Riley v. White*, 231 S.W.2d 291 (Mo.App. 1950); *Sumpter v. J.E. Sieben Construction Co.*, 492 S.W.2d 150 (Mo.App.1973); *Decker v. J.E.*

*Sieben Construction Co.*, 492 S.W.2d 155 (Mo. App.1973); *Smith v. Sayles*, 637 S.W.2d 714 (Mo.App.1982).

pleading, but drew a distinction as to the damages which were proved in the Rule 74.10 hearing. To the same effect is *Decker v. J.E. Sieben Construction Co.,* 492 S.W.2d 155 (Mo.App.1973) decided the same day.

Finally, in *Smith v. Sayles,* 637 S.W.2d 714 (Mo.App.1982) the Court of Appeals, Western District, citing *Riley v. White, supra,* reversed the damage portion of a judgment entered by default and remanded the case for further hearing. The opinion states at p. 718:

> It is error to return damages not supported by evidence.... To allow the $60,000 award for actual damages to stand on the sparse proof would be a manifest injustice.... That the judgment was by default does not excuse the legal requirement that probative evidence sustain the adjudication of the unliquidated claim for damages. *Riley v. White,* 231 S.W.2d 291, 298[11–12] (Mo. App.1950).

The authority adduced in *Vonsmith* is scanty indeed, when posed opposite the cases just cited. Our opinion cites only the ancient case of *Gelston v. Hoyt,* 13 Johns. 561 (N.Y.1816), which was handed down under a practice far different from ours, and in which the appellate court affirmed the judgment of the trial court rather than dismissing the appeal. The Court of Appeals in *Vonsmith* relied primarily on its own sketchy opinion in *Blackmore,* which did not consider the analysis detailed above

or any of the pertinent cases here cited. Because the Missouri statutes and rules are so clear, cases from other states have minimal value. Even so, authorities holding that an appellate court "lacks jurisdiction" over an appeal from a default judgment are extremely rare.[5]

Section 512.160.1 has been literally copied into Rule 84.13(a) and former Rule 3.27 is now Rule 84.13(c). We of course may modify statutes pursuant to Art. V, Sec. 5, of the Missouri Constitution, and the rule will prevail over the existing statute. Here there is no conflict and it is patent that the Court of Appeals has jurisdiction to exercise the discretion conferred upon it by Rule 84.13(c).

The principal opinion makes much of the defendant's failure to move to vacate the final default judgment. At the time the defendant was alerted to the judgment, the 15-day period for filing a motion to set the judgment aside had expired. Rules 73.-01(a)(3); 78.04. No motion to vacate could then be filed.[6] An appellate court might impose sanctions on a party who appealed while there was time to file a motion in the trial court, but this defendant had no such opportunity. The "backdoor appeal" provisions of § 512.060, and the "plain error" rule recognize that there may be occasions for aiding a party who has been negligent.[7] The matter is one of discretion.

It is the sense of Rule 74.10, that the trial judge act judicially in assessing damages at a unilateral hearing following de-

**5.** A review of cases from other jurisdictions supports the proposition that an appellate court is not divested of jurisdiction to consider an appeal from the default judgment itself. *See Siebert Oxidermo, Inc. v. Shields,* 446 N.E.2d 332 (Ind.1983); *Ney v. Polite,* 399 A.2d 527 (Del. 1979); *Vogel v. Roberts,* 202 N.W.2d 387 (N.D. 1972); *Byrer v. Robbs Trust Company,* 105 Ariz. 457, 466 P.2d 751 (1970); *Williams v. Kansas State Highway Commission,* 194 Kan. 18, 397 P.2d 341 (1964).

**6.** *See L.J. Ross, Co. v. Vaughn,* 683 S.W.2d 643 (Mo.App.1984), in which the court holds that a motion to vacate filed more than 15 days but less than 30 days after judgment is sufficient to vest jurisdiction even though not ruled upon within 30 days of the date of judgment.

**7.** There are indications in the file that the defendant denied receiving the summons or knowing about it and that it was served on another person in his office who failed to give it proper attention. By established Missouri law the court could not look behind this return, *Williamson v. Williamson,* 331 S.W.2d 140 (Mo.App. 1960); *Johnson v. Wilson Estate, Inc.,* 256 S.W.2d 297 (Mo.App.1953), even though service on an employee would not be in compliance with Rule 54.13(a)(1). It is interesting that under present Rule 54.22, modified under the compulsion of Laws of 1984, H.B. 947, § 1, p. 792, effective August 13, 1984, the return is only "prima facie" evidence of the facts stated. The principal opinion imposes a severe penalty for vicarious negligence.

**366**

fault, rather than rubber stamping the plaintiff's demands. There is no reason why this action should not be scrutinized under the plain error rule if a lawful appeal is filed.

The principal opinion simply accepts *Vonsmith* as law, uncritically. I have given careful attention to the attempt in the concurring opinion to bolster *Vonsmith* and find it a masterpiece of circularity. If § 512.160.1 is jurisdictional as to any point not presented to the trial court, it is jurisdictional as to all which, on the basis of authorities here cited, it clearly is not. The short answer to the citation of Art. V, Sec. 3 in support of the assertion that court rules may not enlarge the right of appeal is that the plain error rule (then 3.27, now 84.13(c)) was in place when the Constitution of 1945 was adopted. Cases directly in point are cited in this opinion; those cited in the concurrence are not applicable. To the cases in point may be added *Green v. Green*, 623 S.W.2d 265 (Mo.App.1981), in which the court refused to review the issue of liability in a default judgment, but did remand for further findings on the division of property. Had the Court of Appeals followed its own precedents, *Vonsmith* probably would have been decided differently and would never have reached this Court. It is unfortunate that, on the basis of inadequate presentation and inadequate research, we perpetuate a decision which deprives the appellate courts of effective discretion in doing justice.

## II.

The Court of Appeals, bowing to *Vonsmith*, held that it was without jurisdiction to entertain a direct appeal from the judgment but found that the judgment was so lacking in evidentiary support as to demonstrate "irregularities" correctable on motion under Rule 74.32.[8] The principal opinion holds, in accordance with established doctrine, that the defendant's motions, vari-

ously named, were not properly filed in the trial court because the case was on appeal at the time, and that the trial court was without jurisdiction to entertain any kind of motion in the case. Inasmuch as it then goes on to rule the issue, I express my views also.

I have already commented on the rigidity of the motion to set aside a default. The limitation of the irregularity remedy as set out in the principal opinion has substantial support in the case law, but the text of Rule 74.32 contains no such limiting language. If we are to adhere to *Vonsmith* I believe that the concept of irregularity should be enlarged so as to cover the serious disregard of Rule 74.10.[9] I would allow the trial court to review the transcript of the hearing on default, to determine whether the default judgment is minimally supportable. The use of Rule 74.10 for this purpose would have the advantage of affording a hearing, which the plain error rule does not, and might be a more efficient judicial tool.

## III.

It has been suggested that some form of notice of the hearing on damages following interlocutory judgment of default should be afforded, and that the failure to do so has constitutional dimensions. The principal opinion responds with the proposition that no notice to a party in default is required. *See* Rule 43.01(a). If *Vonsmith* is to stand the Court should give consideration to a rule requiring either notice of a hearing on a default judgment to assess damages, or notice of the entry of final judgment by default, so that a timely motion to set aside may be filed. Only a reasonable attempt at notice, as by mailing to the last known address, should be necessary. If this is undertaken, it should make no difference if the attempt at notice does not reach the defaulting party. A require-

---

8. Rule 74.32 reads as follows:
   Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof.

9. I refrain from expressing any view as to the correctness of the Court of Appeals' conclusion about the evidence.

ment of notice would provide some check on the arbitrary action of a trial judge.

Notice is perhaps more important in a case like this, in which there is no explicit prayer for damages because of Rule 55.05, adopted to comply with Laws of 1976, p. 837, H.C.S.H.B. 1307. It is hornbook law that relief on default may not exceed that prayed for in the petition. *See* Rule 43.-01(a). *Rook v. John F. Oliver Trucking Co.*, 505 S.W.2d 157 (Mo.App.1973). The lack of notice presents a problem of particular concern when the defendant does not really know what he is up against until he learns of the final judgment entered.

### IV.

I believe that Judge Welliver has astutely perceived the practical problems attending the uncritical upholding of default judgments, and I join in his dissenting opinion.

The panel of the Court of Appeals which heard the case was of the opinion that the final judgment was seriously at fault. We have the authority to decide the entire case and to apply the plain error rule, 84.13(c), if persuaded that it should be applied. I believe, however, that it is preferable to retransfer the case to that court, which, having been instructed as to the scope of its appellate jurisdiction, may scrutinize the record and apply the discretion embodied in the "plain error" rule, if it finds fault in the judgment sufficient to meet the very high standards of that rule. Whether the concept of "irregularities" applied by the Court of Appeals is more or less restrictive than the concept of "plain error" should likewise be for the Court of Appeals. But it is inappropriate for us either to dismiss the appeal or affirm the judgment, in view of the Court of Appeals' reservations.