CITIZENS NATIONAL BANK OF
GREATER ST. LOUIS,
Plaintiff,

v.

BOATMEN'S NATIONAL BANK OF ST.
LOUIS, Defendant/Cross–Plaintiff,

and

Harold G. Lieberman and Alan L. Lieberman, Cross–Defendants/Appellants,

and

United States Small Business
Administration, Cross–
Defendant/Respondent.

No. 69037.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 1, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 18, 1996.

Alan G. Kimbrell, St. Louis, for appellant.

Claire M. Schenk, Assistant United States Attorney, St. Louis, for respondent.

John Metzger, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, for Citizens Bank.

David Slavkin, Brian Cave, St. Louis, for Boatmen's Bank.

CRANDALL, Judge.

Harold and Alan Lieberman (Liebermans) appeal from the judgment of the trial court dismissing their motion to set aside a default judgment and directing defendant Boatmen's National Bank of St. Louis (Boatmen's) to pay interpleaded funds to the United States Small Business Administration (SBA). We affirm.

The record reveals that the Liebermans were involved in real estate development transactions in Missouri and other states. Citizen's National Bank of Greater St. Louis (Citizen's) initiated a civil action against the Liebermans in an attempt to recoup losses

caused by their default on debts. After obtaining a judgment against the Liebermans, Citizen's encountered several obstacles in the discovery and collection process. Not only did the Liebermans assert their privilege against self-incrimination in response to all deposition questions, but they also failed to appear for asset discovery purposes despite being properly served. Ultimately, the Liebermans departed this country for Chile following their indictment on thirty-seven federal criminal counts stemming from their real estate deals. According to the Liebermans' Chilean lawyer, as of July 1992, the Liebermans awaited extradition to the United States in a Chilean detention center.

Citizen's continued its search for assets to satisfy the judgment. In June 1992, Citizen's filed a creditor's bill in circuit court against Boatmen's and the Liebermans in an attempt to gain the proceeds available to the Liebermans from a trust held by Boatmen's. Summons to appear were sent to the Liebermans at the detention center in Chile in July 1992. The Liebermans filed motions to quash the summons, which the trial court later denied. Boatmen's answered the creditor's bill in August 1992, filing counter- and cross-claims which asked that Citizen's and the Liebermans interplead to determine their interests under the trust. Boatmen's later amended its answer to include additional property. The Liebermans failed to respond to the creditor's bill and to Boatmen's claims. On November 21, 1994, Citizen's dismissed its petition against Boatmen's and the Liebermans with prejudice.

In January 1995, the court sustained a motion by Boatmen's to add the SBA and two other parties as additional defendants in the interpleader action. In February 1995, the SBA filed an answer to Boatmen's cross-claim, stating its interest as a judgment creditor. On June 30, 1995, default and inquiry was granted against Liebermans and other defendants for failure to plead or defend against Boatmen's cross-claim. On July 10, 1995, the Liebermans filed a motion to set aside the default and inquiry, claiming no notice was given to them. It was only at this date that the Liebermans finally sought leave to file an answer to Boatmen's cross-claim.

On July 19, 1995, the SBA moved to dismiss the Liebermans' motion based on their continuing status as fugitives from justice.

Finally, on July 20, 1995, the trial court denied Liebermans motion because they were fugitives from justice, entered judgment in favor of the SBA, and ordered Boatmen's to pay funds to the SBA as they became available.

On appeal, the Liebermans claim the trial court erred in finding that they were fugitives and denying them access to the courts for that reason. The fact that a defendant has charges pending against him and is absent from the jurisdiction is enough to infer he is a fugitive. In the *Matter of Assarsson*, 687 F.2d 1157, 1162 (8th Cir. 1982). Intent to flee from prosecution or arrest can be inferred from a person's failure to surrender to authorities once he learns that charges against him are pending. *Id.* To be a fugitive for extradition purposes, a person must merely have left the state in which the charges are pending; actual notice of the charges is unnecessary. *White v. Armontrout*, 29 F.3d 357, 359 (8th Cir.1994).

In this case, the Liebermans left the United States for Chile after they were indicted on thirty-seven federal criminal counts. The criminal charges for which the Liebermans were indicted are still pending. They have refused to surrender to the proper authorities. By their own Chilean lawyer's admission, they remain in Chile awaiting extradition back to the United States. Under these facts, the Liebermans' status as fugitives is clearly established.

Having determined that the Liebermans were properly designated as fugitives, we focus on whether the trial court erred when it denied the Liebermans' motion to set aside the default judgment. Although the SBA urges us to adopt a *per se* rule which would bar fugitives such as the Liebermans from participating in a civil action, we need not reach that issue because the Liebermans' motion to set aside the default and inquiry was facially defective. Under Rule 74.05, upon motion stating facts constituting a meritorious defense and for good cause shown, the setting aside of an interlocutory

order of default is addressed to the discretion of the trial court. Good cause is generally regarded as including both a legitimate excuse for allowing the default to occur and a showing of some prejudice usually established by demonstration of a meritorious defense. *Friedman v. Caring Group, Inc.*, 750 S.W.2d 102, 105 (Mo.App.1988).

 Here, the Liebermans' motion simply alleged that the Liebermans "were never served with any motion or request for default, or any proposed interlocutory order of default, before the order was entered" and that the default and inquiry was entered *without notice to the Liebermans.* Once a defendant is served with summons and petition, he is put on notice of every stage of the proceeding. *Barney v. Suggs,* 688 S.W.2d 356, 359 (Mo.banc 1985). If a defendant fails to file a timely pleading, plaintiff may obtain an interlocutory judgment of default. *Id.* Then, damages are assessed and a final judgment is entered. *Id.* No additional notice is required between these two stages. *Id.*

Nowhere in their motion do the Liebermans state any facts constituting a meritorious defense or showing good cause for their failure to file a response to the original creditor's bill or Boatmen's cross-claim. In fact, they completely fail to address their failure to respond. We are unable to conclude therefore that the Liebermans made the requisite showing.

Even if the motion had been sufficient on its face to comply with Rule 74.05, it would still be addressed to the discretion of the trial judge. *Friedman,* 750 S.W.2d at 104. Certainly, the length of time the Liebermans were in default would be a factor the trial court could consider. In addition, the trial court could consider the Liebermans' fugitive status and history of obfuscation of the legal process. Where the facts establish willful, contumacious disregard for the authority of the court, applying sanctions such as striking the pleadings, dismissing counterclaims, or entering judgment by default is within the trial court's discretion. *Sonderman v. Maret,* 694 S.W.2d 864, 866 (Mo.App.1985); *Russo v. Webb,* 674 S.W.2d 695, 697 (Mo.App.1984).

Here, in effect, the Liebermans were seeking affirmative relief because they were asserting an interest in the res held by Boatmen's. Due to the selective nature of the Liebermans' responses to the court, the legal process here was stymied, adversely affecting the administration of justice. Courts cannot afford to spend limited resources and time on the claims of those who have renounced the legal system. *Nitcher v. Thompson,* 832 S.W.2d 933, 935–37 (Mo.App. W.D.1992). By their flight, the Liebermans rejected the Missouri legal system, refusing to submit to its jurisdiction. As a result, there would be no basis for finding an arbitrary or capricious abuse of the trial court's discretion. *Friedman,* 750 S.W.2d at 104. The trial court properly dismissed the Liebermans' motion.

The judgment of the trial court is affirmed.

AHRENS, C.J., and CHARLES B. BLACKMAR, Senior Judge, concur.