**TOKAI FINANCIAL SERVICES, INC., Plaintiff/Respondent,**

v.

**NATIONAL LAB CORPORATION, INC. and Zaheer Rehman, Respondents/Appellants.**

**No. ED 81117.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 18, 2003.

Zaheer Rehman, Clayton, pro se.

Yale L. Hollander, Clayton, MO, for Respondent.

MARY K. HOFF, Judge.

Zaheer Rehman (Appellant) appeals from the judgment entered by the Circuit Court of St. Louis County in favor of Tokai Financial Services, Inc. (Tokai). We dismiss.

On January 3, 2001, Tokai filed a petition on contract and replevin without bond which alleged Appellant and co-defendant, National Lab Corporation, Inc. (National) defaulted on a lease for equipment and sought contract damages and residual value, or in the alternative, immediate possession of the equipment, plus interest, costs, and attorneys fees. Appellant was served with the summons on January 20, 2001, and National was served on July 25, 2001. Neither party responded nor did any attorney file an entry of appearance on behalf of Appellant or National with the trial court. On March 3, 2002, Tokai filed a motion for judgment on the pleadings charging National and Appellant were in default on the lease contract and had failed to file any affirmative defenses in the case. The circuit court granted Tokai's motion and awarded damages to Tokai in the amount of $33,437.02 on Tokai's contract claim, and $36,207.63 plus immediate possession of the equipment on Tokai's replevin claim. The court's docket entry for the judgment, dated March 25, 2002, includes the notation "Without Trial—Default Judgment."

Rule 74.05(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules ... a judgment may be entered against the defaulting party." Pursuant to subsection (d) of Rule 74.05, a party against whom default judgment has been entered may have the judgment set aside by filing, within one year from the date of the default judgment, a "motion stating facts constituting a meritorious defense and for good cause shown." The record on appeal contains no record of a motion filed

by National or Appellant to set aside or vacate the default judgment. Instead, Appellant has filed a *pro se* appeal before this Court, requesting relief from the default judgment.

A *pro se* appellant is held to the same rules of appellate procedure as those admitted to practice law and is not entitled to any indulgence we would not grant practitioners. *Missouri Div. Of Child Support Enforcement v. Dobbins*, 90 S.W.3d 525, 526 (Mo.App. E.D.2002). "A default judgment cannot be appealed unless the trial court has previously heard a motion to set aside or vacate the judgment." *Id.* (*quoting Barney v. Suggs*, 688 S.W.2d 356, 358 (Mo. banc 1985)). An appellant will not be afforded direct appellate review of the default judgment when he has failed to file a timely motion to set aside or vacate the default judgment with the trial court. *Barney*, 688 S.W.2d at 358.

In the case before us, the trial court docket sheet indicates the court considered its order granting Tokai's motion for judgment on the pleadings to be a default judgment. The record contains no evidence that National or Appellant filed a motion to set aside or vacate the default judgment. Because a default judgment cannot be directly appealed, Appellant's failure to file a motion to set aside the default judgment is fatal to his appeal. Accordingly, Appellant's appeal is dismissed.

ROBERT G. DOWD, JR., P.J. and GEORGE W. DRAPER III, Judge, concur.